PEARL RIVER HAMPERS, INC. *v.* CASTILOW

No. 40935 January 5, 1959 108 So. 2d 200

*Young, Daniel & Coker,* Jackson, for appellants.

*Morse & Morse,* Poplarville, for appellee.

GILLESPIE, J.

The claimant, appellee, sustained an injury arising out of and in the course of his employment. His hand came in contact with a veneer machine and as a result of the accident, claimant lost the first, second, and third fingers of his left hand so that he had left something more than half of the proximal phalanges of the severed fingers. The attorney-referee and the full commission, by a two to one vote, awarded claimant 90 weeks' compensation representing sixty percent loss of the use of the left hand, in addition to medical benefits and temporary total compensation benefits. The circuit court reversed the commission and awarded claimant compensation for 150 weeks, representing the scheduled compensation for total loss of the use of his hand.

The question before us is whether the commission's award of sixty percent loss of use of the hand was based on substantial evidence.

Dr. Powers, a witness for claimant, testified that claimant would probably have a sixty percent disability of the hand for the type of work he was doing; that claimant could not grip anything small, but would have partial use in gripping anything large; that the use he would have of the hand would be the use of the thumb and little

finger; that these disabilities are hard to arrive at, and one person will give forty percent disability where another will give one hundred percent disability. The amputation was successful with normal tenderness. If claimant could feed 100 sheets of veneer into the machine prior to injury, he could probably put 40 through in the same time after the injury.

Claimant testified he was employed at cutting veneer wood. He was straightening up sheets of veneer and cutting them into square blocks. He picked the material up by the handfull. He could not do that work after the injury because it would slip out of his hand—he could not hold it. He did not finish the second grade in school and has no special training. He stated he has nervous spells but is not subject to epileptic fits. Since he was sixteen years old, he has worked at some eight or ten different jobs, including odd jobs for three years. He could not do any of those jobs now. He has applied for work at several places since his injury, but he has had only one job for a month and one week and was laid off because he could not keep up with the machine work. It is not shown why he did not get work at the several places he applied for work.

Mr. Winborn, president of the employer, testified that claimant worked for him two and one-half years as a labor hand. Claimant was a good worker. Claimant was subject to epileptic fits and he has seen him fall out, lay flat on the ground with his tongue hanging out, completely rigid, and he has seen him when no one could do anything with him because he was in a state of convulsion. Witness said these seizures would sometimes be frequent, sometimes infrequent. He hired claimant knowing he was an epileptic, thinking he could keep him in a safe place. Since claimant's injury, he has decided that it is not safe for claimant to work around machinery, and for that reason alone he has not rehired him. He testified that he has about half a dozen men working in

his plant who have lost fingers, one with all of his fingers missing, some with two missing, and some with one finger missing; that he has not found it a handicap for his employers to have fingers missing, except in certain jobs.

Section 6998-09, Mississippi Code of 1942, provides for 35 weeks' compensation for the loss of the first finger, 30 weeks for the loss of the second finger, and 20 weeks for the loss of the third finger. The statute then provides (6998-09 (c) (17) as follows: ''Two or more digits: Compensation for loss of two or more digits, or one or more phalanges of two or more digits, of a hand or foot, may be proportioned to the loss of use of the hand or foot occasioned thereby, but shall not exceed the compensation for loss of a hand or foot.'' The same statute provides for 150 weeks compensation for loss of a hand.

In this case the commission proportioned the complainant's loss of three fingers to the loss of the hand and found a sixty percent loss of use of the left hand, and awarded claimant 90 weeks compensation. It is true that the physician's opinion that claimant sustained a sixty percent loss of use of the left hand was a mere estimate. But when this testimony is considered with that of Mr. Winborn to the effect that claimant could do the work except for his epilepsy, and that six employees were working with from one to all fingers missing, we think that the commission was justified in its finding. The commission could, and no doubt did, take into account the fact that the loss of the fingers was the only injury sustained by claimant. The commission was justified in finding that claimant was subject to epilepsy, a condition not in any way aggravated by the injury, and that but for the epilepsy, claimant would have been rehired by the employer after the end of the period of temporary total disability. It was also shown that claimant could operate trucks and other vehicles except for the epileptic condition.

Various aspects of the problem of awarding compensation for loss or loss of use of scheduled members are dealt with in Dunn's Mississippi Workmen's Compensation, Section 42, et seq., and this authority concludes his discussion of the degrees of loss as follows: "However, subject to a rather liberal view of the testimony in favor of the claimant, the rule is that the question of the degree of loss is one for the determination of the Commission from the evidence as a whole, including medical estimates and lay testimony." Section 45, page 37.

The present case is not inconsistent with Lucedale Veneer Company v. Keel, 223 Miss. 821, 79 So. 2d 233, where the commission, as the trier of facts, awarded compensation for permanent total loss of use of the right arm, nor with the case of M. T. Reed Construction Co. v. Martin, 215 Miss. 472, 61 So. 2d 300, where the Court said that, "When the whole evidence is considered, it leads inescapably to the conclusion that Martin, *by reason of his injury,* is prevented from doing the substantial acts required of him as a carpenter." (Emphasis added) In that case mention was made of Martin's advanced age as a factor in getting other employment, but that was not the basis of the decision.

 The statute authorizes the commission, upon the loss of two or more digits, to proportion the loss to the loss of use of the hand or foot occasioned thereby. This proportionment is essentially a commission function, the only requirement being that the award must be based on substantial evidence. There was substantial evidence in this case to justify the commission's award of sixty percent loss of use of the hand. The reversal of the commission's award by the circuit court was error.

Reversed and award of the commission reinstated, and remanded.

*McGehee, C. J.,* and *Hall, Holmes* and *Ethridge, JJ.,* concur.